Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PROTEA BIOSCIENCES, INC., AND ) | Chapter 11 |
| PROTEA BIOSCIENCES GROUP, INC., ) | |
| Debtors. ) | Case No.: 17-bk-1200 |
| ) | |
| ) | Judge Flatley |
| ) | |
| PROTEA BIOSCIENCES, INC., AND ) | |
| PROTEA BIOSCIENCES GROUP, INC., ) | |
| ) | |
| Movants, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| SUMMIT RESOURCES, INC., ) | |
| WV ECONOMIC DEVELOPMENT ) | |
| AUTHORITY, UNITED BANK, AND ) | |
| YALE UNIVERSITY, ) | |
| Respondents ) | |

**ORDER APPROVING (I) BIDDING PROCEDURES FOR THE SALE OF PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES; (II) BREAK-UP FEE RELATED TO THE SALE OF PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES; (III) FORM AND MANNER OF SALE NOTICE; AND (IV) ASSUMPTION AND ASSIGNMENT PROCEDURES FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

AND NOW, to wit, this 12th day of December, 2017, after notice and opportunity for hearing, the Court having considered the Debtors' Emergency Motion for an Order Approving (I) Bidding Procedures for the Sale of Purchased Assets Free and Clear of Liens and Encumbrances; (II) Break-Up Fee Related to the Sale of Purchased Assets Free and Clear of Liens and Encumbrances; (III) Form and Manner of Sale Notice; and (IV) Assumption and Assignment Procedures for Executory Contracts and Unexpired Leases ("Bid Procedures

Motion"), it is hereby ORDERED, ADJUDGED and DECREED as follows:

A. The Debtors' Bid Procedures Motion is approved.

B. The initial credit bid of $1,000,000 of Summit Resources, Inc., a West Virginia corporation ("Summit", the "Buyer" or "Stalking Horse Bidder") shall be the opening bid for the purchase of the Purchased Assets, with full reservation of Summit's rights to increase its credit bid up to the total amount of its secured claim, pursuant to Section 363 of the Bankruptcy Code.

C. As set forth in the Notice of Sale, attached hereto as Exhibit "A", the Sale shall be held in L. Edward Friend II Bankruptcy Courtroom, located on the third floor of the U.S. Courthouse, 1125 Chapline Street, Wheeling, West Virginia, and 1125 Chapline St, Wheeling, WV 26003 on January 24, 2018, at 10:00 a.m. Any objection to the Sale must be filed with the Clerk's Office and a copy sent to the Debtors at the address set forth below on or before January 17, 2018.

D. The following Bidding Procedures shall govern the conduct of the sale of the Purchased Assets:

(a) Solicitation Process; Distribution of Bidding Procedures. The Debtors shall distribute (i) the Sale Notice and (ii) these Bid Procedures (as approved by the Court) as required in connection with the Bid Procedures Motion and as set forth in the Notice Procedures below. Further, the Debtors shall distribute the Sale Motion and the Bid Procedures to those parties that demonstrate, or that the Debtors determine may have, an interest in acquiring the Purchased Assets.

(b) Potential Bidders; Due Diligence. Upon the written request of a potential bidder, the amount of the highest Qualified Competing Bid (as defined herein) for the Purchased Assets shall be provided by the Debtors as of the date of the request. The Debtors shall afford each potential bidder due diligence access to the Purchased Assets, to the same extent as provided to Stalking Horse Bidder in the Agreement between the Debtors and Buyer, except that the due diligence period for any potential bidder shall extend through 5:00 PM EST on the Bid Deadline (as defined herein).

(c) <u>Qualified Bidders; Qualified Bids.</u> In order to be eligible to bid on the Purchased Assets at the Sale Hearing (a "<u>Qualified Bidder</u>"), each bidder, other than the Stalking Horse Bidder, must submit a Qualified Competing Bid (as defined herein) to the Debtors by the Bid Deadline (as defined herein). Within three (3) business days after the Debtors receive from a potential bidder all of the materials required to be submitted pursuant to subparagraph (d)(i) below, the Debtors, subject to approval by Compass Advisory Partners, LLC ("<u>Compass</u>") which shall not be unreasonably withheld, shall make an initial determination, subject to final review, consideration and determination by the Court, whether the bidder is a Qualified Bidder and whether the bid constitutes a Qualified Competing Bid. After making such initial determination, and by the end of the third (3rd) business day following receipt of the bid, the Debtors will notify the potential bidder of their decision. In the event a submitted bid constitutes a Qualified Competing Bid, the Debtors shall promptly provide said Qualified Competing Bid to the Stalking Horse Bidder within twenty-four (24) hours after such determination is made.

(d) <u>Submission of Bid.</u> Unless otherwise agreed upon by the bidder and the Debtors, in order to be considered a Qualified Bidder, a bidder must:

(I) Deliver to the Debtors and the Debtors' counsel (Christopher P. Schueller, Esq., Buchanan, Ingersoll & Rooney, P.C., One Oxford Center, 301 Grant Street, 20th Floor, Pittsburgh, PA I52I9 (email: Christopher.schueller@bipc.com)) <u>so as to be received at least seven (7) business days prior to the scheduled date for the Sale hearing on the proposed sale of the Purchased Assets ("Bid Deadline")</u>, a written offer for the Purchased Assets at a price equal or exceeding the Minimum Overbid (as hereinafter defined) and accompanied by the following ("<u>Qualified Competing Bid</u>"):

(2) An executed red-lined version of the Agreement, modified so that (i) the Qualified Bidder shall be appropriately identified as the Buyer, (ii) the Purchase Price thereunder shall be the Qualified Competing Bid of such Qualified Bidder; (iii) any credit bid by a secured creditor that may be permitted by the Court shall nevertheless be paid in sufficient cash to pay, in addition to all costs required by the Bid Procedures Order and after the return of the Deposit to the Stalking Horse Bidder as provided in the Agreement, the maximum amount of the Break-Up Fee as an administrative expense (with any remaining balance of such maximum amount to be returned upon the Court's determination of the allowable Break-Up Fee), and (iv) there shall be no Break-Up Fee except as provided for in this Bid Procedures Motion in favor of the Stalking Horse Bidder, subject to final approval by the Court. In the event that the bidder submits an executed Agreement with any permitted changes to the form of Agreement as

3

hereinabove provided, those terms must also be noted in redline in the executed version of the Agreement submitted by the bidder;

(3) Proof, in a form satisfactory to the Debtors, of the bidder's financial ability to consummate its offer to purchase the Purchased Assets. **NO FINANCING CONTINGENCIES WILL BE PERMITTED;**

(4) Proof, in a form satisfactory to the Debtors of the bidder's ability to continue the Debtors' business operations;

(5) A written acknowledgement by such bidder that it has obtained an agreement with the any employee identified as a counterparty to any Employment Contracts (as defined in the Agreement) regarding any employment contract and the terms thereto;

(6) A statement listing any other executory contracts and/or unexpired leases, along with the amount(s) necessary to cure any existing defaults under the respective executory contract and/or unexpired leases and the proposal for curing such defaults, that will be assumed and assigned through the entry of the Sale Order (the "Assumed and Assigned Contracts").

(7) To the Debtors' satisfaction (i) fully disclose the identity of each individual or entity that will be bidding for the Purchased Assets or otherwise participating in connection with the transaction; (ii) the terms of any such participation; and (iii) if an entity has been formed for the purpose of acquiring the Purchased Assets, the parties that will bear liability for any breach by such entity;

(8) An earnest money deposit of $200,000.00 ("Earnest Money") by cashier's or certified check (made payable to the Debtors) or wire transfer of immediately available funds; and

(9) A written acknowledgement by such bidder that it agrees to the terms of the Bid Procedures.

(I0) Submit a bid in the minimum amount of One Million One Hundred and Fifty Thousand Dollars and 00/100 ($1,150,000.00) ("Minimum Overbid") to be considered.

(II) Not request, and covenant and agree to waive, any claim of the bidder to any Break-Up Fee, or similar type of payment.

(I2) Notwithstanding the foregoing, the Debtors reserve the business judgment to waive or relax the foregoing qualifications.

4

(e)     Denial of "Qualified Bidder" Status to Non-Conforming Bids. Subject to final determination by the Court, in the Debtors' discretion and with the approval of Compass, which shall not be unreasonably withheld, the Debtors may decline to accept as a Qualified Competing Bid any bid that does not substantially conform to the foregoing requirements and any other procedures set forth in the Bid Procedures Order, provided that the bid in question equals or exceeds the Minimum Overbid. The Debtors shall have the right to negotiate with any bidder with respect to clarification or enhancement of any bid. Any Qualified Bidder shall also have the right to challenge any bid, except the Stalking Horse Bidder's Qualified Bid under the Agreement, or as otherwise made in excess thereof in accordance with the terms hereof, as being designated a Qualified Bid by filing an objection with the Court prior to the Sale Hearing.

(f)     Bid Deadline; Reporting of Qualified Competing Bids. All Qualified Competing Bids must be submitted to the Debtors so as to be received not later than the Bid Deadline. As the Qualified Competing Bids are received by the Debtors, but in no event later than the expiration of the Bid Deadline, the Debtors shall promptly provide copies of all redlined Agreements received to the Stalking Horse Bidder. If the Debtors do not receive any Qualified Competing Bids by the Bid Deadline, the Debtors shall promptly report the same to the Stalking Horse Bidder and the Court.

(g)     Participation in Auction; Successful Bidder. If one or more Qualified Competing Bids are received, the Auction Sale will be conducted at the Sale Hearing. Only a Qualified Bidder that has submitted a Qualified Competing Bid will be eligible to participate in the Auction Sale unless the Debtors waive or relax the qualifications in their business judgment. The bidding at the Auction Sale shall start at the Minimum Overbid. Qualified Bidders, including Stalking Horse Bidder, may submit additional bids for the Purchased Assets in excess of the Minimum Overbid, provided that such bids are in increments of fifty thousand dollars and 00/I00 ($50,000.00) and are otherwise Qualified Competing Bids. The Court shall select the highest Qualified Competing Bid ("Successful Bid") from the Qualified Bidders ("Successful Bidder").

(h)     Loss of Deposit. If the failure by the Successful Bidder to consummate the purchase of the Purchased Assets is the result of such Successful Bidder's breach of, or default or failure to perform under, any Successful Bidder sale documents, including but not limited to the Agreement, or the terms of these Bid Procedures, the Bid Procedures Order, the Sale Motion, or any other order of this Court (such bidder being a "Defaulting Bidder"), such Defaulting Bidder's Earnest Money shall be forfeited to the Debtors and the Debtors shall thereupon have the right to assert all rights and remedies provided under applicable law, including but not limited to, specific performance.

(i)     Return of Deposit. Except as provided herein, all deposits shall be returned to each bidder not selected by the Court as the Successful Bidder no later than five (5) business days following the substantial consummation of the sale to the Successful Bidder, except for the Back-up Bidder (as defined below).

5

(j)      Back-Up Bidder. Following the Sale Hearing, if the party who shall have made the Successful Bid shall not purchase the Purchased Assets, whether by reason of such party's default, the non-fulfillment of a condition in favor of such party, or the exercise of a right of termination, then the party with the next highest and best Qualified Competing Bid, as determined by the Court, shall serve as a back-up bidder ("Back-Up Bidder") and keep such bid open and irrevocable until the closing of the sale transaction with the Successful Bidder. The Back-Up Bidder's Earnest Money will be returned by no later than the fifth (5th) business day after the closing of the sale transaction with the Successful Bidder. The Stalking Horse Bidder shall be deemed to be a Qualified Bidder for purposes of selecting the Back-Up Bidder, in accordance with the terms of the Agreement. Any third party who shall become the successful Back-Up Bidder shall have five (5) days after such selection by the Court within which to enter into an agreement for the purchase of the Purchased Assets in the required form and on the terms of the Successful Bid of such Back-Up Bidder; and (B) if such Back-Up Bidder shall fail to timely enter into such agreement, or if such Back-Up Bidder shall not purchase the Purchased Assets pursuant to such agreement, then such procedure shall continue in the order of each such Successful Bid as adjudicated by the Court until the Purchased Assets is sold or there are no remaining Qualified Competing Bids. If the sale is not concluded with a Successful Bidder, and there are no remaining Back-Up Bidders that are willing to consummate the sale of the Purchased Assets, the Purchased Assets shall be sold to the Stalking Horse Bidder as provided in the Agreement.

E.      In the event that a competing offer for the Purchased Assets is (i) determined to be, in light of the bid as a whole, by the Debtors, subject to Bankruptcy Court Approval, the highest and best offer and (ii) the Sale to a competing bidder (i.e., not the Buyer) closes, then the Buyer shall be entitled to seek the greater of (a) the Buyer's actual and reasonable out-of-pocket costs and expenses (including reasonable attorneys' fees, costs and disbursements) related to the negotiation of the Agreement, the transaction contemplated in the Agreement, and Buyer's due diligence; or (b) One Hundred Thousand Dollars and 00/I00 ($100,000.00) ("Break-Up Fee").

The Buyer's request for reimbursement of its costs and expenses or, at its option, the Break-Up Fee, shall proceed in accordance with paragraphs 24 through 27 of the Bid Procedures Motion.

F.      The following Assumption Procedures shall govern the assumption and/or

assignment of any Assumed and Assigned Contract:

   a. <u>Assumption and Assignment Notice.</u> Within fourteen (14) business days prior to the Sale Hearing, the Debtors propose to file with the Court a schedule being substantially in the form attached hereto as **Exhibit "B"** (the "<u>Assumption and Assignment Notice</u>") setting forth the proposed Cure Amounts (as defined herein) for the Assumed and Assigned Contracts that the Debtors intend to assume and assign and serve the Assumption and Assignment Notice on each contract counterparty (each, a "<u>Contract Counterparty</u>") under each Assumed and Assigned Contract by first class mail, postage prepaid, facsimile, electronic transmission, hand delivery, or overnight mail. The Assumption and Assignment Notice shall set forth: (i) the contract(s) and/or lease(s) that may be assumed by the Debtors and assigned to the Successful Bidder in connection with the Sale; (ii) the name and address of the Contract Counterparty thereto; (iii) the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default in accordance with Sections 365(b) and 365(f)(2) of the Bankruptcy Code (the "<u>Cure Amount</u>"); and (iv) the deadline by which any such Contract Counterparty must file an objection to the proposed Cure Amount or otherwise object to the assumption and assignment of any Assumed and Assigned Contract for any reason, including but not limited to objections based on a lack adequate assurance of future performance; *provided, however*, that the presence of any contract or lease on the Cure Notice does not constitute an admission that such contract or lease is an executory contract or unexpired lease.

   b. <u>Objections to Cure Amounts and the Assumption and Assignment to the Stalking Horse Bidder.</u> The Debtors submit that objections based on the proposed Cure Amount, or to the assumption and assignment of any executory contract or unexpired lease to the Stalking Horse Bidder for, including but not limited to, lack of adequate protection of future performance **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served, so as to be actually received **no later than Seven (7) days prior to the Sale Hearing**, on: (i) the Debtors, (ii) <u>Counsel to the Debtors (Christopher P. Schueller, Esq., Buchanan, Ingersoll & Rooney, P.C., One Oxford Center, 301 Grant Street, 20th Floor, Pittsburgh, PA 15219 (email: Christopher.schueller@bipc.com) and (ii) Counsel to the Stalking Horse Bidder (Kirk B. Burkley, Esq. Bernstein-Burkley, P.C., 707 Grant Street, Suite 2200, Gulf Tower, Pittsburgh, PA 15219, Attn: Kirk</u> B. Burkley, Esq. (<u>kburkley@bernsteinlaw.com</u>). Any objection to the proposed Cure Amount, and any objection to the assumption and assignment of any executory contract or unexpired lease to the Stalking Horse Bidder, is deemed waived and forever barred if not filed on or before the deadline to object or otherwise respond to the Sale Motion.

    c. <u>Objections to the Assumption and Assignment to Successful Bidder other than the Stalking Horse Bidder.</u> Only in the event the Successful Bidder is determined at the Sale Hearing to be an individual or entity other than the Stalking Horse Bidder, Contract Counterparties shall have no more than fourteen (14) days from the date of service of the Sale Order to object to the assumption and assignment of any executory contract or unexpired lease to the Successful Bidder that is not the Stalking Horse Bidder, including objections for lack of adequate assurance of future performance of the Successful Bidder. Any such objection **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served, so as to be actually received **no later than fourteen (14) days** after the date on which the Sale Order is served,: (i) the Debtors, and (ii) counsel to the Debtors, Christopher P. Schueller, Esq., Buchanan, Ingersoll & Rooney, P.C., One Oxford Center, 301 Grant Street, 20th Floor, Pittsburgh, PA 15219 (email: Christopher.schueller@bipc.com). The provisions of this Paragraph 33(c) are effective only if the Successful Bidder is an individual or entity other than the Stalking Horse Bidder. Otherwise, all objections to the Assumption and Assignment Notice must comply with Paragraph 33(b).

    d. <u>Effect of Filing an Objection to the Assumption and Assignment Notice</u>**.** A properly filed and served objection to the Assumption and Assignment Notice will reserve such objecting party's rights against the Debtors with respect to the relevant assumption and assignment and/or objection to the Cure Amount of a contract or lease, but will not constitute an objection to the remaining relief requested in the Sale Motion.

    e. <u>Dispute Resolution.</u> If any objection to the proposed assumption and assignment of a contract or lease or related Cure Amount is timely filed, a hearing with respect to such objection will be held before the Honorable Patrick M. Flatley, United States Bankruptcy Court for the Northern District of West Virginia, A hearing regarding the Cure Amount, if any, may be continued until after the closing of the Sale.

F.    The Court reserves the right to enter any other Order or Orders, as it deems appropriate associated with the Debtors' Sale Motion.

IT IS SO ORDERED, this 13th day of December, 2017.

4824-2288-0855, V. 3

# EXHBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PROTEA BIOSCIENCES, INC., AND ) | Chapter 11 |
| PROTEA BIOSCIENCES GROUP, INC., ) | |
| Debtors. ) | Case No.: 17-bk-1200 |
| ) | |
| _____ ) | Judge Flatley |
| ) | |
| PROTEA BIOSCIENCES, INC., AND ) | |
| PROTEA BIOSCIENCES GROUP, INC., ) | |
| ) | |
| Movants, ) | |
| ) | |
| -vs- ) | |
| ) | |
| SUMMIT RESOURCES, INC. , ) | |
| WV ECONOMIC DEVELOPMENT ) | |
| AUTHORITY, UNITED BANK, AND ) | |
| YALE UNIVERSITY, ) | |
| ) | |
| Respondents ) | |

## SALE NOTICE TO ALL CREDITORS AND OTHER PARTIES IN INTEREST

Protea Biosciences, Inc. ("Operating Debtor") and Protea Biosciences Group, Inc. ("Parent Debtor") (collectively, the "Debtors") has filed a motion seeking the entry of an order granting the instant Emergency Motion for Entry of an Order Approving (I) Bidding Procedures for the Sale of Purchased Assets Free and Clear of Liens and Encumbrances; (II) Break-Up Fee Related to the Sale of Purchased Assets Free and Clear of Liens and Encumbrances; (III) Form and Manner of Sale Notice; and (IV) Assumption and Assignment Procedures for Executory Contracts and Unexpired Leases ( the "Motion"). The Debtors seek in the Motion authority to sell substantial assets free and clear of all liens, claims and encumbrances. Your rights may be affected by the Motion. Enclosed with this Sale Notice is a copy of the Bid Procedures (as approved by the Court).

The Motion may also be included with this Sale Notice if the Debtors determine you may have an interest in acquiring some or all of the assets. If you have not received a copy of the

1

Motion, you may contact the undersigned to request a copy of the Motion. A copy of the documents is also on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia.

YOU ARE FURTHER NOTIFIED that if you object to the sale or the Motion, you must file a written objection with the Clerk of United States Bankruptcy Court for the Northern District of West Virginia on or before January 17, 2018. If you object, you should provide an explanation for the basis of your objection. If you are a business entity, an objection must be filed by an attorney. The Court, in its discretion, may grant or deny the relief sought based on the written contents of the Motion. A failure to timely file a written objection may result in the entry of an order that grants the relief sought in the motion without further notice or hearing.

A hearing to approve the sale shall be held on January 24, 2018 at 10:00a.m. in the L. Edward Friend Bankruptcy Courtroom located on the third floor of the U.S. Courthouse at 1125 Chapline Street, Wheeling, WV 26003. Any party objecting to the sale shall file an objection with the United States Bankruptcy Court for the Northern District of West Virginia on or before January 17, 2018. Failure to object to the sale and attend the hearing could result in your loss of rights.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY, LLP

By:_____
Christopher P. Schueller, Esquire
PA I.D. No. 92746
Email: christopher.schueller@bipc.com
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
T: 412-562-8432

*Counsel for the Debtors*

2

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PROTEA BIOSCIENCES, INC., AND | ) | Chapter 11 |
| PROTEA BIOSCIENCES GROUP, INC., | ) | |
|     Debtors. | ) | Case No.: 17-bk-1200 |
| | ) | |
| _____ | ) | Judge Flatley |
| | ) | |
| PROTEA BIOSCIENCES, INC., AND | ) | |
| PROTEA BIOSCIENCES GROUP, INC., | ) | |
| | ) | Response Deadline |
|     Movants, | ) | |
| | ) | |
|   -vs- | ) | |
| | ) | |
| SUMMIT RESOURCES, INC., | ) | |
| WV ECONOMIC DEVELOPMENT | ) | |
| AUTHORITY, UNITED BANK, AND | ) | |
| YALE UNIVERSITY, | ) | |
| | ) | |
|     Respondents | ) | |

**NOTICE OF PROPOSED CURE AMOUNTS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**TO ALL COUNTERPARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES:**

    **PLEASE TAKE NOTICE** on December 1, 2017 ("Petition Date"), Protea Biosciences, Inc. ("Operating Debtor") and Protea Biosciences Group, Inc. ("Parent Debtor") (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of West Virginia (this "Court"), consolidated at case number 17-01200 (the "Bankruptcy Case").

**PLEASE TAKE FURTHER NOTICE** that on December 5, 2017, the Debtors filed their *Motion for Entry of an Order Approving (I) Bidding Procedures for the Sale of Purchased Assets Free and Clear of Liens and Encumbrances; (II) Break-Up Fee Related to the Sale of Purchased Assets Free and Clear of Liens and Encumbrances; (III) Form and Manner of Sale Notice; and (IV) Assumption and Assignment Procedures for Executory Contracts and Unexpired Leases* ("Bid Procedures Motion") [Doc. No. 21] with the clerk of the Bankruptcy Court seeking, among other things, entry of an order (the "**Bid Procedures Order**") authorizing and approving: (a) the bidding procedures related to the sale of the Purchased Assets free and clear of liens and encumbrances; (b) the form and manner of the Sale Notice (as defined in the Bid Procedures Motion); and (c) approval of the Assumption and Assignment Procedures (as defined in the Bid Procedures Motion).

**PLEASE TAKE FURTHER NOTICE** that on December 5, 2017, the Debtors filed their *Emergency Motion for Entry of an Order: (A) Authorizing the Sale of All of Substantially All Assets of the Debtors Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and 363(f); (B) Authorizing the Assumption and Assignment of Executory Contracts and/or Unexpired Leases Pursuant to 11 U.S.C. § 365; (C) Approving Stalking Horse Bid Protections; and (D) Granting Related Relief* ("**Sale Motion**") [Doc. No. 20] with the clerk of the Bankruptcy Court seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving the sale of the Purchased Assets free and clear of liens, claims, encumbrances and other interests, with all such liens, claims, encumbrances and other interests attaching with the same validity and priority solely to the sale proceeds, to one or more purchasers submitting the highest or otherwise best offer therefor (the "**Sale**"); and (b) the assumption and assignment of certain executory contracts and unexpired leases (each, an "**Assumed and Assigned Contract**") to the Successful Bidder (as defined in the Bid Procedures Motion).

**PLEASE TAKE FURTHER NOTICE** that on December 13, 2017, the Bankruptcy Court entered the Bid Procedures Order [Doc. No.66] granting certain of the relief sought in the Bid Procedures Motion, including, among other things, approving the Bid Procedures (as defined in the Bid Procedures Motion) and the Assumption and Assignment Procedures (as defined in the Bid Procedures Motion).

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Sale of the Purchased Assets to the Successful Bidder therefor (the "**Sale Hearing**") is presently scheduled to take place on January 24, 2017, at 10:00 a.m. **(Prevailing Eastern Time) (or such later date as determined in accordance with the Bid Procedures)**, or as soon thereafter as counsel may be heard, before the Honorable Patrick M. Flatley, United States Bankruptcy Court for the Northern District of West Virginia.

**PLEASE TAKE FURTHER NOTICE** that upon the closing of the Sale, the Debtors may seek to assume and assign certain of the Assumed and Assigned Contracts (and any modifications thereto) set forth on **Exhibit A** hereto to the Successful Bidder in accordance with the Assumption and Assignment Procedures. In addition, the cure amounts, if any, necessary for the assumption and assignment of the Assumed and Assigned Contracts (the "**Cure Amounts**") are also set forth on **Exhibit A** hereto.

**PARTIES LISTED ON EXHIBIT A HERETO ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS HAVE IDENTIFIED THEM AS POTENTIAL COUNTERPARTIES TO ONE OR MORE ASSUMED AND ASSIGNED CONTRACTS**.

ASSUMED AND ASSIGNED CONTRACT OBJECTION PROCEDURES

**PLEASE TAKE FURTHER NOTICE THAT** objections based on the proposed Cure Amount, or to the assumption and assignment of any executory contract or unexpired lease to the Stalking Horse Bidder for, including but not limited to, lack of adequate protection of future performance **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served, so as to be actually received **no later than Seven (7) days prior to the Sale Hearing**, on: (i) the Debtors, (ii) Counsel to the Debtors (Christopher P. Schueller, Esq., Buchanan, Ingersoll & Rooney, P.C., One Oxford Center, 301 Grant Street, 20th Floor, Pittsburgh, PA 15219 (email: Christopher.schueller@bipc.com) and (ii) Counsel to the Stalking Horse Bidder (Kirk B. Burkley, Esq. Bernstein-Burkley, P.C., 707 Grant Street, Suite 2200, Gulf Tower, Pittsburgh, PA 15219, Attn: Kirk B. Burkley, Esq. (kburkley@bernsteinlaw.com).  Any objection to the proposed Cure Amount, and any objection to the assumption and assignment of any executory contract or unexpired lease to the Stalking Horse Bidder, is deemed waived and forever barred if not filed on or before the deadline to object or otherwise respond to the Sale Motion.

**PLEASE TAKE FURTHER NOTICE THAT,** only in the event the Successful Bidder is determined at the Sale Hearing to be an individual or entity other than the Stalking Horse Bidder, Contract Counterparties shall have no more than fourteen (14) days from the date of service of the Sale Order to object to the assumption and assignment of any executory contract or unexpired lease to the Successful Bidder that is not the Stalking Horse Bidder, including objections for lack of adequate assurance of future performance of the Successful Bidder.  Any such objection **must**: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served, so as to be actually received **no later than fourteen (14) days** after the date on which the Sale Order is served,: (i) the Debtors, and (ii) counsel to the Debtors, Christopher P. Schueller, Esq., Buchanan, Ingersoll & Rooney,

P.C., One Oxford Center, 301 Grant Street, 20th Floor, Pittsburgh, PA 15219 (email: Christopher.schueller@bipc.com)).  The provisions of this Paragraph 33(c) are effective only if the Successful Bidder is an individual or entity other than the Stalking Horse Bidder.  Otherwise, all objections to the Assumption and Assignment Notice must comply with Paragraph 33(b).

**PLEASE TAKE FURTHER NOTICE THAT** a properly filed and served objection to the Assumption and Assignment Notice will reserve such objecting party's rights against the Debtors with respect to the relevant assumption and assignment and/or objection to the Cure Amount of a contract or lease, but will not constitute an objection to the remaining relief requested in the Sale Motion.

**PLEASE TAKE FURTHER NOTICE THAT** if any objection to the proposed assumption and assignment of a contract or lease or related Cure Amount is timely filed, a hearing with respect to such objection will be held before the Honorable Patrick M. Flatley, United States Bankruptcy Court for the Northern District of West Virginia, A hearing regarding the Cure Amount, if any, may be continued until after the closing of the Sale.

**CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION**

**IF NO CONTRACT OBJECTION IS TIMELY AND PROPERLY FILED AND SERVED IN ACCORDANCE WITH THE BID PROCEDURES ORDER AND THE ASSUMED AND ASSIGNED CONTRACT OBJECTION PROCEDURES, THEN THE CURE AMOUNT, IF ANY, SET FORTH IN THIS ASSUMPTION AND ASSIGNMENT NOTICE SHALL BE BINDING UPON ALL CONTRACT COUNTERPARTIES TO EACH SUCH ASSUMED AND ASSIGNED CONTRACT FOR ALL PURPOSES IN THESE CHAPTER 11 CASES AND WILL CONSTITUTE A FINAL DETERMINATION OF THE TOTAL CURE AMOUNT, IF ANY, REQUIRED TO BE PAID IN CONNECTION WITH THE ASSUMPTION BY THE DEBTORS AND THE ASSIGNMENT TO ANY PURCHASER. IN ADDITION, EACH CONTRACT COUNTERPARTY SHALL BE FOREVER BARRED FROM OBJECTING TO THE CURE AMOUNT SET FORTH IN THIS ASSUMPTION AND ASSIGNMENT NOTICE, INCLUDING, WITHOUT LIMITATION, THE RIGHT TO ASSERT ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO THE ASSUMED AND ASSIGNED CONTRACT.**

**ANY CONTRACT COUNTERPARTY FAILING TO TIMELY AND PROPERLY FILE AND SERVE A CONTRACT OBJECTION PRIOR TO THE SALE OBJECTION DEADLINE (OR THE SUCCESSFUL BIDDER OBJECTION DEADLINE) IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER SHALL BE DEEMED TO CONSENT TO (I)THE TREATMENT OF THEIR ASSUMED AND ASSIGNED CONTRACT(S) UNDER SECTION 365 OF THE BANKRUPTCY CODE, (II) THE**

**ASSUMPTION AND ASSIGNMENT OF THEIR ASSUMED AND ASSIGNED CONTRACT(S) NOTWITHSTANDING ANY ANTI-ALIENATION PROVISION OR OTHER RESTRICTION ON ASSUMPTION OR ASSIGNMENT, AND (III) THE PROVISION OF ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE APPLICABLE ASSIGNEE.**

    Respectfully submitted,

    BUCHANAN INGERSOLL & ROONEY, PC

    By: _____
    Christopher P. Schueller, Esquire
    PA I.D. No. 92746
    Email: christopher.schueller@bipc.com
    301 Grant Street, 20th Floor
    Pittsburgh, PA 15219
    T: 412-562-8432