Order Entered.

*Patrick M. Flatley*
Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PROTEA BIOSCIENCES, INC., AND | ) | CASE NO. 17-bk-1200 |
| PROTEA BIOSCIENCES GROUP, INC. | ) | CASE NO. 17-bk-1201 |
| | ) | |
| Debtors. | ) | *Jointly Administered* |
| | ) | |
| | ) | Chapter 11 |

## MEMORANDUM OPINION & ORDER

Protea Biosciences Inc., and Protea Biosciences Group, Inc. (collectively, "Protea"), object to an unsecured proof of claim filed by Laidlaw & Company (UK) Ltd. ("Laidlaw"), in the amount of $380,000 and to an unsecured proof of claim filed by PPLL Partners, LLC ("PPLL") in the amount of $360,000. Protea also requests that both unsecured claims be recharacterized as capital contributions. Laidlaw and PPLL move to dismiss the objection and request for recharacterization on the grounds that: (1) a request for recharacterization requires an adversary proceeding; (2) Protea improperly objected to two claims in a single document; and (3) any objection is premature until it can be ascertained that a dividend will be payable to unsecured creditors in Protea's bankruptcy case.

For the reasons stated herein, the court will deny Laidlaw's and PPLL's motion to dismiss and set a scheduling conference regarding Protea's objection to claims and request for recharacterization.

### I. MOTION TO DISMISS A CONTESTED MATTER

Laidlaw and PPLL seek to dismiss Protea's objection to claim pursuant to Fed. R. Civ. P. 12(b), which is made applicable to bankruptcy adversary proceedings under Fed. R. Bankr. P. 7012.

An objection to a proof of claim, however, is treated as a contested matter. 9 *Collier on Bankruptcy* ¶ 3007.01 (2018). Once a contested matter is initiated, many of the rules governing adversary proceedings automatically apply; however, Fed. R. Bankr. P. 9014(c) does not make Fed. R. Bank. P. 7012 applicable to contested matters. Consequently, unless specifically ordered by the court on notice to the parties, there is no motion to dismiss a contested matter that is governed by the Fed. R. Civ. P. 12(b). Laidlaw and PPLL have asserted an inapplicable motion in response to Protea's objection to their claims.

Nevertheless, the court will adjudicate Laidlaw's and PPLL's preliminary response to Protea's

1

claims objection under Fed. R. Bankr. P. 3007(b), which states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding," and Fed. R. Bankr. P. 3007(c), which generally prohibits multiple objections to proofs of claim being filed in a single document.

## II. BACKGROUND[1]

According to a Declaration filed by Protea in this case on December 2, 2017, it is a publicly traded Delaware Corporation that uses mass spectrometry imaging to provide bioanalytical services to the healthcare industry. Its lab provides services to major pharmaceutical, chemical, and biotechnology companies to identify and quantify biologically active molecules in living cells and tissue samples.

According to Protea's objection to claims, Laidlaw represented that Laidlaw could use Laidlaw's business contacts at Massachusetts General Hospital ("Mass General") to facilitate a joint venture or close working relationship between Mass General and Protea. More specifically, Protea was to work with Mass General's Vaccine and Immunotherapy Center to develop a diagnostic methodology for obtaining cancer cell molecular profiles, including the distribution of drugs with cancer cells and molecular response indicators (the "Collaboration Agreement").

Before entering the Collaboration Agreement, however, Protea states that Mass General required a $360,000 fee. Because Protea did not have the funds available to make that payment, the principals of Laidlaw offered to make a loan of $360,000 to Protea through PPLL. Instead of directly loaning the money to Protea, PPLL was to make payments required by the Collaboration Agreement to Mass General.

In contrast, PPLL states that its $360,000 claim is based on both the execution of the Collaboration Agreement with Mass General and PPLL's Services Agreement with Protea. Exhibit C to the Service Agreement is a Non-Negotiable Convertible Promissory Note in the amount of $360,000[2] that allowed Protea the "absolute right, commencing at any time from and after July 15, 2018, to pay the entire principal amount and all accrued interest . . . by issuing to PPLL an aggregate of thirty-six million . . . shares of common stock . . . ." (Claim No. 19-3, p.8). In PPLL's October 13, 2018 amended proof of claim, it attached evidence of wire transfers from it to Mass General in the aggregate amount of $254,000 and PPLL states that the remaining amount, $106,000, is due it under the Services Agreement.

Laidlaw states that it made loans to Protea by wire transfers on October 3, 4, and 5, 2017 in the amount of $100,000.00, $10,000.00, and $150,000.00, and that it is owed a $120,000.00 "fee for placing Wawrla loan." (Case No. 17-bk-1201, Claim No. 18-1, p. 4), for a total claim of $380,000.00. Only one

---

[1] The background information set forth herein is derived from the parties' arguments and exhibits. This background information is not to be construed as findings of fact by the court.

[2] Oddly, the introductory paragraph to the July 17, 2017 promissory note states that the loan amount is both $360,000 and $750,000.

2

note, however, is attached to Laidlaw's proof of claim. That note is dated October 3, 2017, and it provides an acknowledgement by Protea for the receipt of $110,000. The "fee for placing the Wawrla loan" relates to an Engagement Agreement whereby Laidlaw agreed to place securities in Protea.

### III. ANALYSIS

PPLL and Laidlaw jointly assert that a request for recharacterization of a claim requires Protea to file an adversary proceeding. They also assert that Protea has improperly combined an objection to two different proofs of claim in a single document and that Protea's objection is premature.

A. **Adversary Proceeding and a Request for Recharacterization**

Laidlaw and PPLL argue that Protea's effort to recharacterize their asserted unsecured claims into capital contributions requires an adversary proceeding under Fed. R. Bankr. P. 3007(b) and 7001(2), (7), and/or (8). On this basis, they contend that the court lacks subject matter jurisdiction and they have received improper process or improper service of process.

1. **Subject Matter Jurisdiction**

A bankruptcy court's subject matter jurisdiction derives from 28 U.S.C. § 1334. That statute grants district courts original and exclusive jurisdiction over all bankruptcy cases commenced under title 11 of the United States Code, and original but not exclusive jurisdiction over all civil proceedings arising under, arising in, or related to a case under title 11. By order of reference last amended on April 2, 2013, this grant of bankruptcy jurisdiction was referred to this bankruptcy court.

Because Laidlaw and PPLL have submitted proofs of claim in Protea's bankruptcy case, and because Protea has objected to those proofs of claim under Fed. R. Bankr. P. 3007, this is an action that arises in or under title 11, and this court has subject matter jurisdiction to hear and determine Protea's objection to claims. Adjudicating a claim for recharacterization in an objection to a proof of claim is not issue of subject matter jurisdiction; rather, it is an issue that concerns the appropriate form of the bankruptcy proceeding.

2. **Form of Proceeding**

A request for recharacterization, which is often filed in conjunction with other causes of action that fall within the scope of Fed. R. Bankr. P. 7001, may be adjudicated through an adversary proceeding. *See, e.g.*, *Highland Constr. Mgmt. Servs., LP v. Wells Fargo (In re Highland Constr. Mgmt. Servs., LP)*, 569 B.R. 673 (E.D. Va. 2017) (noting that Count I of the adversary complaint was for recharacterization and Count II was for equitable subordination).[3] Here, however, Laidlaw and PPLL assert that a request for

---

[3] Laidlaw and PPLL cite many cases for the proposition that recharacterization is an adversary proceeding. In each of the cases cited, however, there was an independent reason for asserting recharacterization in an adversary proceeding. *See, e.g., Wilson v. Moir (In re Wilson)*, 359 B.R. 123 (Banrk. E.D. Va. 2006) (noting that the adversary proceeding contained requests to determine the priority of liens in property, a lien avoidance action, an equitable subordination action, and a recharacterization claim).

recharacterization – standing alone – also requires the filing of an adversary proceeding under Fed. R. Bankr. P. 7001(2), (7) and/or (8).

Fed. R. Bankr. P. 7001(8) specifically states, with some exceptions, that "a proceeding to subordinate any allowed claim or interest" is an adversary proceeding.

Recharacterization and subordination, however, are different. "Subordination is a remedy in which the order of payment rather than the existence of the debt is in issue." 4 *Collier on Bankruptcy* ¶ 510.02[1] (2018). Subordination is often based on creditor misconduct such as fraud or usury. *Id.* In contrast, recharacterization generally occurs when a party asserts that a loan was made but the original circumstances of the loan compels treating the advance not as debt but as equity. *Id.* at [3]. Thus, "[r]echaracterization cases turn on whether a debt actually exists,[4] not on whether the claim should be equitably subordinated." *Id. See also Fairchild Dornier GmbH v. Official Comm. of Unsecured Creditors (In re Dornier Aviation (N. Am.), Inc.)*, 453 F.3d 225, 232 (4th Cir. 2006) ("[A]lthough recharacterization and equitable subordination lead to a similar result, they 'address distinct concerns' and require a bankruptcy court to conduct different inquiries."); *Official Comm. of Unsecured Creditors of Russell Cave Co. v. Gen. Elec. Capital Corp. (In re Russell Cave. Co.)*, 107 Fed. Appx. 449, 451 (6th Cir. 2004) (stating that a request for recharacterization is the same as objecting to the claim's allowance because it is "a request for the bankruptcy court to hold a debt, and hence any claim, is non-existent."). "Recharacterization is a definitional attack." *FCC v. Airadigm Communs., Inc. (In re Airadigm Communs., Inc.)*, 616 F.3d 642, 658 (7th Cir. 2010).

Consequently, a request for recharacterization does not fall within the scope of Fed. R. Bankr. P. 7001(8) because recharacterization seeks a determination as to the claim's proper classification in the Bankruptcy Code and does not seek the subordination of a valid claim based on inequitable conduct.

Similarly, a request for recharacterization of a debt, which is represented by a proof of claim, to a capital contribution, which is generally represented by a proof of interest, is not a proceeding to obtain an "injunction or other equitable relief" as provided in Fed. R. Bankr. P. 7001(7). The term "other equitable relief" generally includes accountings, specific performance, marshalling, constructive trusts, and orders to compel compliance with state law. *E.g.*, 10 *Collier on Bankruptcy* ¶ 7001.08 (2018) (listing types of "other equitable relief"). A request to properly and originally classify the existence of a claim or interest against a bankruptcy estate is not consistent with the with the nature of an injunction or other equitable relief as contemplated by Fed. R. Bankr. P. 7001(7).[5]

---

[4] A "'debt' means liability on a claim," a "claim" is "a right to payment," 11 U.S.C. § 101(5), (12). The term "debt" does not include an equity interest. *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 525 (5th Cir. 2004). This distinction is carried over to 11 U.S.C. § 502(a) where holders of debt file a proof of claim and equity holders file a proof of interest. In bankruptcy, debt claims are paid before equity interests. § 726.

[5] A bankruptcy court has the "equitable power" to recharacterize filed claims as equity interests. *E.g., Fairchild*

4

Laidlaw's and PPLL's reliance on Fed. R. Bankr. P. 7001(2) is also improper. More specifically, Rule 7001(2) is for proceedings "to determine the validity, priority or extent of a lien or other interest in property . . . ." Here, neither Laidlaw nor PPLL have asserted any lien in property. The last phrase of Rule 7001(2), "other interest in property," can refer to a dispute over the ownership of stock in a debtor. 10 *Collier on Bankruptcy* ¶ 7001.03[3] (2018). In this case, however, there is no dispute between the parties over ownership of Protea's stock. Instead, the dispute is whether Laidlaw's and PPLL's asserted claims, to the extent those claims exist, are actually capital contributions. *See generally In re Micro-Precision Technologies, Inc.*, 303 B.R. 238, 243 (Bankr. D.N.H. 2003) (finding that a request to recharacterize a debt claim as a capital contribution "is not a type of action listed in Rule 7001 that must be brought as an adversary proceeding"); *In re 431 W. Ponce De Leon, LLC*, 515 B.R. 660, 674 (Bankr. N.D. Ga. 2014) ("While the recharacterization of debt has typically been addressed in the Eleventh Circuit through an adversary proceeding, there is no rule requiring such."); *Algonquin Power Income Fund v. Ridgewood Heights, Inc. (In re Franklin Indus. Complex, Inc.)*, 2007 Bankr. LEXIS 3004, at *45 n. 17 (Bankr. N.D.N.Y. Aug. 30, 2007) ("Plaintiffs' request for recharacterization of the Defendants' claims does not require the commencement of an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.").

Therefore, the court finds no merit in Laidlaw's and PPLL's contention that a request for recharacterization of an unsecured debt to a capital contribution requires an adversary proceeding under Fed. R. Bankr. P. 3007(b) and 7001(2), (7), and/or (8).[6]

**B.     Improperly Combining Pleadings**

Laidlaw and PPLL assert that Protea improperly combined its objection against Laidlaw's claim and its objection to PPLL's claim in a single document. Under Fed. R. Bankr. P. 3007(c), "unless otherwise ordered by the court . . . objections to more than one claim shall not be joined in a single objection."

Rule 3007(c) does not specify the method by which a court may order more than one claim to be joined in a single objection. In Protea's opposition to Laidlaw's and PPLL's motion to dismiss, it specifically requests the court enter an order allowing it to object to both claims in a single objection on the

---

*Dornier GmbH v. Official Comm. of Unsecured Creditors (In re Dornier Aviation (N. Am.), Inc.)*, 453 F.3d 225, 233 (4th Cir. 2006) ("A bankruptcy court's equitable powers have long included the ability to look beyond form to substance and we believe that the exercise of this power to recharacterize is essential to the implementation of the Code's mandate that creditors have a higher priority in bankruptcy than those with an equity interest."). The court's equitable power to recharacterize a proof of claim as an interest in the debtor, however, is not based upon any inequitable conduct of a party that might be remedied by an injunction or some type of specific performance as contemplated by Fed. R. Bankr. P. 7001(7).

[6] Laidlaw and PPLL assert that an adversary proceeding should be filed on the basis that they need appropriate time to present counterclaims and conduct discovery. The court notes, however, that discovery between the parties is currently ongoing, discovery is available in contested matters under Fed. R. Bankr. P. 9014(c), and should Laidlaw or PPLL actually file an adversary proceeding against Protea, the court can control both courses of litigation following a case management conference.

5

basis that Laidlaw and PPLL are related entities, with the same counsel, and both entities were, at least in part, involved with Protea's business relationship with Mass General. According to 9 *Collier on Bankruptcy* ¶ 3007.03 (2018), the court should consider whether the claimants will receive "fair notice of any objection" when determining whether to allow an objection to more than one claim in a single document.

The court will allow Protea to combine its objection to both Laidlaw's and PPLL's proofs of claim in a single claims objection for the reasons set forth by Protea, and because both Laidlaw and PPLL are fully aware of Protea's objection to their claims.

### C.    Prematurity

Laidlaw and PPLL assert that Protea's bankruptcy estate is administratively insolvent; thus, no purpose is served by objecting to their unsecured claim until such time as there might be a return to unsecured creditors.

Protea asserts that its bankruptcy case is administratively solvent and, pursuant to a plan, there will be a return to unsecured creditors and a litigation trust whereby further causes of action might be pursued that could bring value to the bankruptcy estate. Protea also references a contemplated sale that it estimates will bring about $1 million into the bankruptcy estate.

The court notes that as of the date of this Memorandum Opinion, there are $632,424.50 in professional fee applications. On this basis, and in light of a pending sale motion, the Court finds that Protea's objection to claims is not premature.

### IV. ORDER

Based on the reasons set forth above in the court's Memorandum Opinion, it is

**ORDERED** that the Motion of Laidlaw and PPL to Dismiss the Debtor's Amended Objection to Proofs of Claim and Motion to Recharacterize Debt and Equity (Document No. 361), filed on September 24, 2018, be and hereby is DENIED. It is

**FURTHER ORDERED** that under Fed. R. Bankr. P. 3007(c), Protea may combine its objection to Laidlaw's proof of claim and its objection to PPLL's proof of claim in a single document. It is

**FURTHER ORDERED** that the Reply of Laidlaw and PPLL to the Debtor's Opposition to Motion to Dismiss Debtor's Amended Objection to Proofs of Claim and Motion to Recharacterize Debt as Equity (Document No. 375), filed on October 8, 2018, be and hereby is DEEMED to be the timely filed response to Protea's Amended Objection to Proof of Claim filed by PPLL and Laidlaw and Motion to Recharacterize Debt as Equity (Document No. 332), except to the extent that Paragraphs 1-2, & 5-7 of Document No. 375 have been fully adjudicated by this Memorandum Opinion and Order. It is

**FURTHER ORDERED** that that a telephonic hearing is scheduled for ***Tuesday, November 13, 2018, at 3:00 pm*** for the purpose of conducting a prehearing conference to set discovery and related deadlines and for setting a date for an evidentiary hearing on Protea's Objection to Claims and

accompanying Motion for Recharacterization (Document Nos. 332 & 375). To participate in the hearing parties are instructed to dial (877) 848-7030 and provide access code 6500181 when prompted to do so.